**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| TWIN CONTRACTING CORPORATION, | ) | Case No. 16-10565-BFK |
| | ) | Chapter 7 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| JANET M. MEIBURGER, TRUSTEE, | ) | Adversary Proceeding |
| | ) | No. 17-01070-BFK |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RESTON HOSPITAL CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

The Court has before it competing Motions for Summary Judgment. The Trustee's Motion is found at Docket No. 10. The Defendant's Motion is found at Docket No. 12. The Trustee filed an Opposition to the Defendant's Motion. Docket No. 14. The Defendant filed an Opposition to the Trustee's Motion. Docket No. 15. For the reasons stated below, the Court will grant the Trustee's Motion and will deny the Defendant's Motion.

**Findings of Fact**

The parties have stipulated to the relevant facts. Docket No. 8 (Joint Stipulation of the Parties). The Court accepts the Joint Stipulation as a statement of the uncontested facts in this case.

The Court will summarize the Joint Stipulation ("JS") as follows:

1

1. The Defendant engaged the Debtor, Twin Contracting Corporation, as a contractor for a project known as the "Reston Hospital Lobby Tile." JS, ¶ 6.

2. On May 14, 2015, the Defendant paid the Debtor the sum of $168,027.30. *Id.*, ¶ 10.

3. On June 1, 2015, the Defendant made a duplicate payment of $15,694.78 to the Debtor, which amount was already included in the previous payment. *Id.*, ¶ 11.

4. The Defendant demanded a refund. Recognizing its obligation to the Defendant, the Debtor issued a refund check to the Defendant on July 14, 2015. The Defendant never received the refund check. *Id.*, ¶¶ 13, 14.

5. On December 5, 2015, the Debtor issued a new check in the same amount, $15,694.78, to the Defendant. *Id.*, ¶ 16.

6. The Defendant received this refund check and cashed it. *Id*.

7. The Debtor filed a Voluntary Petition under Chapter 7 with this Court on February 19, 2016. Case No. 16-10565-BFK, Docket No. 1.

## Conclusions of Law

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and the Order of Reference of the U.S. District Court for this District entered August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(F) (proceedings to determine, avoid or recover preferences). The parties have consented to the entry of final orders by this Court. *See Wellness Int'l Network, Ltd. v. Sharif,* 135 S.Ct. 1932 (2015); Initial Scheduling Order, Docket. No. 4, ¶ 5.

Summary judgment is appropriate where there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Bankr. P. 7056

(incorporating Fed. R. Civ. P. 56). The moving party has the initial burden of showing that there are no material facts in dispute, and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986). When the moving party has met its initial burden, the burden then shifts to the nonmoving party to present specific facts demonstrating that there is a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

Whether a fact is material or not depends on the substantive law at issue in the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* Summary judgment "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp.*, 477 U.S. at 327 (quoting Fed. Rule Civ. Proc. 1).

The Court must view the facts and the inferences reasonably drawn therefrom in the light most favorable to the non-moving party. *United States v. Carolina Transformer Co.,* 978 F.2d 832, 835 (4th Cir. 1992).

**I.    The Trustee's Motion.**

The Court will first address the Trustee's Motion, including the Defendant's affirmative defenses.

A.  *The Trustee's Prima Facie Case.*

Bankruptcy Code Section 547(b) requires that, in order to avoid a preferential payment, the Trustee must prove that there was a transfer of an interest of the debtor in property:

3

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b)(1)-(5).

The Defendant argues that the Trustee cannot satisfy the first element of a preferential transfer, that the transfer was one of the Debtor's interest in property. The Court looks to applicable non-bankruptcy law to determine the property rights and interests of the parties. *Butner v. United States*, 440 U.S. 48, 55 (1979) ("Property interests are created and defined by state law. Unless some federal interest requires a different result"); *In re Dameron*, 155 F.3d 718, 722 (4th Cir. 1998) ("Our consideration of what constitutes an 'equitable interest' subject to exclusion from the bankruptcy estate under § 541(d) is a question of state law.")

Funds in the Debtor's bank account are presumed to be the Debtor's property – subject to the Defendant's claim that the funds were held in trust for its benefit, addressed in Part II, below.

4

*In re Landamerica Fin. Grp*., No. 08-35994-KRH, 2009 WL 1269578, at * 7 (Bankr. E.D. Va. May 7, 2009) ("[M]oney held in a bank account in the name of a debtor is presumed to be property of the bankruptcy estate"). *See also Amdura Nat'l Distrib. Co. v. Amdura Corp. (In re Amdura Corp.),* 75 F.3d 1447, 1451 (10th Cir. 1996) ("We presume that deposits in a bank to the credit of a bankruptcy debtor belong to the entity in whose name the account is established."); *In re 1031 Tax Grp., LLC,* 439 B.R. 47, 70 (Bankr. S.D. N.Y. 2010). In this case, the parties have stipulated that the Defendant was issued a check from the Debtor's account in the amount of $15,694.78 on December 5, 2015. JS, ¶ 16. The Court, therefore, finds that the Trustee has satisfied her burden of proof on this issue, subject to the Defendant's claim of an express trust.

Second, the Defendant argues that it was not a creditor at the time of the transfer. The term "creditor" is defined as one who "has a claim against the debtor." 11 U.S.C. § 101(10)(A). The term claim is defined as a right to payment, whether or not that right is "liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured." 11 U.S.C. § 101(5)(A). The duplicate payment in this case gave rise to a right to payment under applicable non-bankruptcy law. *Hughes v. Foley*, 203 Va. 904, 908, 128 S.E.2d 261, 262 (1962) ("A payment mistakenly made as the result of forgetfulness or inadvertence is a mistake of fact and is recoverable 'where the person to whom the payment is made is not entitled thereto and cannot in good conscience retain it.'") (*quoting* 40 Am. Jur., Payment, § 197, 849-50). *See also Wood v. Bd. Of Cty. Sup'rs of Prince William County*, 254 Va. 480, 484 (1992). The Defendant became a creditor of the Debtor as soon as the Debtor made the duplicate payment. The Trustee has satisfied her burden on this issue.[1]

---

[1] The Court disagrees with the opinion in *In re Bake-Line Group, Inc*., cited by the Defendant, to the extent that it holds that there must be a consensual relationship in order to find that a mistaken payee is a creditor ("[I]t seems to me that payment in this context implies a relationship between the debtor and the creditor or an obligation consensually entered into or required by law (e.g., a tort claim).") 359 B.R. 566, 577 (Bankr. D. Del. 2007). Under

5

For the same reasons, the Court finds that the Trustee has satisfied her burden with respect to the "antecedent debt" requirement of Section 547(b)(2). The duplicate payment was made on June 1, 2015. JS, ¶ 11. The Debtor repaid the Defendant on December 5, 2015. *Id.*, ¶ 16. The payment was in satisfaction of the Debtor's legal obligation to repay the funds.

The Defendant argues next that the transfer was not made within the 90 days preceding the bankruptcy case because the Debtor acknowledged its obligation when it issued the check on July 14, 2015, outside of the 90-day preference period. A check, however, does not operate as an assignment of funds. Va. Code § 8.3A-408 ("A check or other draft does not of itself operate as an assignment of funds in the hands of the drawee available for its payment"). There is no support for the proposition that an uncashed check gives rise to an express trust in any funds in the account on which the check is drawn. The transfer in this case was made when the December 5th check cleared the Debtor's bank account, which was within 90 days of the bankruptcy. *Barnhill v. Johnson*, 503 U.S. 393, 399 (1992) ("[R]eceipt of a check gives the recipient no right in the funds held by the bank on the drawer's account.")

Finally, the Defendant disputes that the transfer enabled it to receive more than it would have received under Subsections (b)(5)(A)-(C) of Section 547. The Trustee has submitted an Affidavit attesting to the fact that the Defendant received more on its claim (100%) than the unsecured creditors are likely to receive in this case ("well under 1%"). Meiburger Aff., Docket No. 10, Ex. 2. This satisfies the Trustee's burden and it is unrebutted by any specific evidence to the contrary from the Defendant. The Defendant's argument here is a variation of its defense that

---

Virginia law, an obligation to repay the funds arose as soon as the Debtor received the duplicate payment. *Hughes v. Foley*, 128 S.E.2d, at 262-63. *See also Hilliard v. Fox,* 735 F.Supp. 674, 676 (W.D. Va. 1990) ("Virginia has long recognized the right to recover money paid by mistake of fact . . .The right 'is based upon the promise to return the money which the law implies, irrespective of any actual promise, and even against the refusal to make it, whenever the circumstances are such that *ex aequo et bono* the money should be paid back, but in such case only'") (citation omitted).

the funds were held in trust for its benefit, which the Court addresses below. The Trustee has satisfied her burden under Section 547(b)(5).[2]

For these reasons, the Court finds that the Trustee has met her burden on all of the elements of her *prima facie* case under Section 547(b).

    B.  *The Defendant's Affirmative Defenses.*

The Defendant asserts a series of affirmative defenses, all of which are unavailing. First, the Defendant argues that the funds were held in trust for its benefit. This defense fails because, as more fully stated below, the Defendant has not presented any evidence on tracing. Second, the Defendant asserts an ordinary course of business defense under Section 547(c)(2), both under the subjective test of Subsection (c)(2)(A) and under the objective test of Subsection (c)(2)(B). Answer, Docket No. 6, at 4-5, ¶¶ 15, 16.[3] The Defendant has the burden of proof with respect to this affirmative defense and it has not presented any evidence in the way of affidavits or other admissible evidence that would establish an ordinary course defense.

The Defendant also asserts a defense under Section 547(c)(4), that "after the alleged Payment," it provided "new value to or for the benefit of the Debtor not secured by an otherwise unavoidable security interest and on account of which new value the Debtor did not make an otherwise unavoidable transfer to or for the benefit of the Hospital." Answer, Docket No. 6, at 5, ¶ 17. This defense cannot succeed for two reasons. First, the Defendant has not identified any new value that it provided after the date of the transfer on December 5, 2015. Second, the

---

[2] The Defendant does not argue that the Debtor was solvent during the 90 days preceding the bankruptcy case. Insolvency of the Debtor during the 90 days is statutorily presumed, subject to rebuttal by the Defendant. 11 U.S.C. § 547(f). The Defendant has not attempted to rebut the presumption of insolvency.

[3] The defenses are stated in the alternative in the Code – either the subjective defense (ordinary course between the parties) or the objective defense (according to ordinary business terms) will suffice to avoid liability. 11 U.S.C. § 547(c)(2)(A)-(B) ("(A) made in the ordinary course of business or financial affairs of the debtor and the transferee; *or* (B) made according to ordinary business terms.") (Emphasis added).

transfer itself is an avoidable transfer so it does not meet the "otherwise unavoidable transfer" test.

The Defendant has not met its burden to come forward with any evidence in support of its affirmative defenses. The Trustee, therefore, is entitled to summary judgment on her preference claim.

## II.     The Defendant's Motion.

The Defendant moves for summary judgment on the ground that the proceeds were held in an express trust for its benefit and, therefore, did not constitute property of the estate. Section 547(b) allows the Trustee to avoid transfers of the debtor's interest in property. Section 541(d), on the other hand, states that property to which the debtor has bare legal title and is held in trust for another is not property of the estate. 11 U.S.C. § 541(d). *Tyler v. Old Republic Nat'l Title Ins. Co. (In re Dameron),* 155 F.3d 718, 721-22 (4th Cir. 1998) ("[W]hen a 'debtor does not own an equitable interest in property he holds in trust for another, that interest is not 'property of the estate' for purposes of the Bankruptcy Code.") (*quoting Begier v. IRS,* 496 U.S. 53, 59, 110 S.Ct. 2258, 110 L.Ed.2d 46 (1990)). This principle limits the ability of a trustee to avoid transfers of property that the debtor held in trust for another. *See, e.g., Holmes Envtl., Inc. v. Suntrust Banks, Inc. (In re Holmes Envtl., Inc.,)* 287 B.R. 363, 382 (Bankr. E.D. Va. 2002) ("Here the funds in the escrow account representing the monies earned by the performance of Hazmed on the Corps Contract are not estate property; therefore, no preference can occur").

The Defendant in this case claims an express trust in the funds that it mistakenly paid to the Debtor. "An express trust may be created by words . . . or circumstances . . . 'which unequivocally show an intention that the legal estate was vested in one person, to be held in some manner or for some purpose on behalf of another.'" *Dameron*, 155 F.3d, at 722 (citations

omitted). In the case of *Racetrac Petroleum, Inc. v. Khan (In Re Khan)*, Judge Ellis held that there are three primary indicia of an intent to create a trust: (a) the designated trustee lacks legal title to the property; (b) the trustee is restricted in its use of the property; and (c) the property remains separate from the trustee's own property. 461 B.R. 343, 348 (E.D. Va. 2011). On the last element, Judge Ellis held that "segregation into different bank accounts is not the *sine qua non* of separate funds; rather, it is sufficient if the parties intend the funds . . . to be maintained separately in terms of accounting and use." *Id.* at 350. The Defendant argues that the Debtor expressed an intent to create an express trust by issuing the July 14th refund check, which the Defendant never received. The Court does not see, though, how issuing a check constitutes anything other than an attempt to pay a legitimate debt. There was no unequivocal expression of an intent to create an express trust, nor are there the indicia of the creation of a trust as set forth in the *Khan* case.

It is more likely that the Virginia courts would consider the mistaken payment to give rise to a constructive or a resulting trust. *See Maryland Nat'l Bank v. Tower,* 374 F.2d 381, 383-84 (4th Cir. 1967) ( "It seems well-settled in Maryland that a constructive trust will be imposed to avoid unjust enrichment arising out of mistake in the absence of fraud, the violation of any fiduciary duty or any other wrongdoing"); *In re Cardian Mortg. Corp.*, 122 B.R. 255, 259 (Bankr. E.D. Va. 1990) ("Virginia law facially supports imposition of a constructive trust in favor of [the claimant] for the erroneous credit.") In either event, tracing is required. *Compare Haley, Chisolm & Morris, Inc. v. Parrish,* 127 B.R. 366, 370 (W.D. Va. 1991) (constructive trust); *In re Twin B. Auto Parts, Inc.*, 271 B.R. 71, 85 (Bankr. E.D. Va. 2001) (constructive trust); *In re Dameron*, 206 B.R. 394, 403 (Bankr. E.D. Va. 1997), *aff'd* 155 F.3d 718 (4th Cir. 1998) (constructive trust); *with Old Republic Nat'l Title Ins. Co. (In re Dameron),* 155 F.3d 718,

723-24 (4th Cir.1998) (express trust); *In re LandAmerica Fin. Grp., Inc.,* 412 B.R. 800, 814 (Bankr. E.D. Va. 2009) (express trust). The Defendant bears the burden on tracing. *Dameron*, 155 F.3d, at 723 ("Ordinarily, a party claiming entitlement to a trust must be able to trace its assets into the fund or property that is the subject of the trust.")

The Defendant in this case has failed to produce any tracing evidence to demonstrate that the funds that were paid to it in December 2015 were the same funds as the funds it entrusted to the Debtor in June 2015. A full six months elapsed between the two events. The Court has no way of knowing the balances in the Debtor's bank account during that six-month period. The Defendant argues that tracing is unnecessary because the Debtor acknowledged its obligation to repay the funds in July 2015, outside of the preference period. The acknowledgement of a legal obligation, however, is not the same thing as tracing funds in the Debtor's bank account.

The Defendant has not met its burden of proof on tracing. Discovery is now closed in this adversary proceeding. The Court will deny the Defendant's Motion for Summary Judgment, due to a lack of evidence on tracing.

**Conclusion**

For the foregoing reasons the Court will enter a separate Order under which:

A.  The Plaintiff's Motion for Summary Judgment will be granted. The transfer in the amount of $15,694.78 will be avoided pursuant to 11 U.S.C. § 547(b) and judgment in that amount plus costs will be entered in favor of the Plaintiff and against the Defendant pursuant to 11 U.S.C. § 550(a).

B.  The Defendant's Motion for Summary Judgment will be denied.

C.  The Clerk will mail copies of this Memorandum Opinion and the accompanying Order, or will provide cm-ecf notice of their entry, to the parties below.

Date: Dec 21 2017                                   /s/ Brian F. Kenney
                                                    Brian F. Kenney
Alexandria, Virginia                                United States Bankruptcy Judge

                                          Entered on Docket:  Dec 22 2017

<u>Copies To:</u>

Steven B. Ramsdell
300 N. Washington St.
Suite 310
Alexandria, VA 22314
*Counsel to the Chapter 7 Trustee*

Rachel A. Greenleaf
Emily M. Scott
2100 E. Cary Street
Richmond, VA 23223
*Counsel for Reston Hospital Center*